J-S05031-22

2022 PA Super 138

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JERALD LATEITH BROWN | : | |
| | : | |
| Appellant | : | No. 897 MDA 2021 |

Appeal from the Judgment of Sentence Entered October 19, 2017
In the Court of Common Pleas of Dauphin County
Criminal Division at No:  CP-22-CR-0003336-2015

BEFORE:  PANELLA, P.J., STABILE, J., and DUBOW, J.

OPINION BY STABILE, J.:                    **FILED: AUGUST 10, 2022**

Appellant, Jerald Lateith Brown, appeals from the judgment of sentence entered on October 19, 2017 in the Court of Common Pleas of Dauphin County following his convictions of Possession of a Controlled Substance and Possession with Intent to Deliver.[1]  Following considered review, we affirm.

A previous panel of this Court summarized the underlying facts of this case as follows:

> In the early morning hours of April 8, 2015, Pennsylvania State Police ["PSP"] Troopers Travis Martin and David Long were monitoring traffic along an interstate corridor.  At approximately 2:00 a.m., Trooper Martin observed a vehicle slowly travelling in the right lane.  The vehicle appeared to be new, with bar codes indicative of a rental vehicle.  The officers followed the vehicle, which moved into the left lane without overtaking any vehicles for the next mile or two.  The troopers thereafter initiated a traffic stop, and Trooper Martin made contact with the two occupants.

---

[1] 35 Pa.C.S.A. §§ 780-113(a)(16) and (a)(30), respectively.

Trooper Martin requested the vehicle's paperwork from Appellant, the driver. Appellant handed over a rental agreement, which did not list his name as an authorized driver. Appellant also supplied a Maryland learner's permit, which struck Trooper Martin as odd since Appellant was over thirty years old and "[m]ost people either don't have a license at that age, never get one, or normally it's younger folks that have a learner's permit." N.T. Suppression, 3/29/17, at 18. At that point, Trooper Martin asked Appellant to step outside the vehicle.

Appellant complied, and Trooper Martin asked about his travels. Appellant initially replied that he was coming from Allentown, where his brother-in-law lived. Appellant then changed his story and stated that he was visiting a friend who just had a baby. Appellant said he had arrived in Allentown around 10:00 a.m. the prior day and was returning to Maryland. When asked if he was from Maryland, Appellant stated that he was born and raised there.

Meanwhile, Trooper Long was in his police vehicle typing up a warning and checking the occupants for criminal history and warrants. Trooper Martin reviewed the history, and saw that Appellant was born in New York and had two prior convictions for possession with intent to deliver controlled substances. Trooper Martin decided to speak to the passenger, who had been separated from Appellant during the aforementioned conversation, to see if their stories matched. She told him they had arrived in Allentown around 4:00 p.m. the prior day to visit a friend, and she stayed in the car while Appellant went inside to see the child. Trooper Martin returned to Appellant, who stated that the passenger joined him inside the friend's house for dinner.

At this point, the traffic stop was completed. Trooper Martin asked for consent to search the vehicle, which Appellant declined. The troopers detained Appellant and called Trooper John Mearkle, the on-duty K-9 officer. Trooper Mearkle was at home, and it took twenty-five minutes for him and his dog, Zigi, to arrive. Trooper Mearkle deployed Zigi, who displayed alert behaviors on the passenger side of the vehicle. Zigi jumped inside the vehicle, and provided a further indication at the center console area. Trooper Martin searched the entire vehicle, and from the trunk recovered a large laundry bag full of synthetic marijuana. Testing indicated

that the total weight was 5,485.39 grams. Appellant stated that the drugs were his and that the passenger was not involved.

Appellant was arrested and charged with one count of possession with intent to deliver, and one count of possession. Appellant's motion to suppress the evidence was denied, and following a stipulated non-jury trial he was found guilty of both counts and sentenced [to seven to fourteen years in prison].

***Commonwealth v. Brown***, No. 1676 MDA 2017 at 1-3 (footnote omitted) (Pa. Super. filed Feb. 1, 2019) (unpublished memorandum).

On his initial appeal to this Court, we affirmed the validity of the traffic stop leading to Appellant's arrest. However, the panel determined that the trial court erred when it quashed a portion of Appellant's subpoena seeking information from the PSP regarding the reliability of its drug-sniffing dog, Zigi. The panel "decline[d] to award Appellant relief beyond a remand for a new hearing on the PSP's motion to quash limited to the issue of documents implicating Zigi's reliability." ***Id.*** at 28. In other words, the panel did not vacate Appellant's judgment of sentence or order a new trial. Rather, the panel called for the trial court to first determine which documents must be provided to Appellant and then "conduct a new suppression hearing limited to the issue of whether the troopers had probable cause to conduct the search following Zigi's alert." ***Id.*** at 28-29. Only if the suppression court determined that the challenged evidence should be suppressed would a new trial be granted. "If, however, the court determines the evidence is not to be suppressed, the judgment of sentence remains and Appellant may file a timely

appeal from that determination, if he so desires." ***Id.*** at 29 (quoting ***Commonwealth v. Hall***, 302 A.2d 342, 346 (Pa. 1973)).

Following remand by the prior panel, the trial court issued an order on December 29, 2020, noting that discovery was complete and scheduling a suppression hearing for February 16, 2021.[2] On January 15, 2021, prior to the scheduled hearing, Appellant filed a motion to dismiss based on Pa.R.Crim.P. 600 (**Prompt Trial**).

On April 2, 2021, the trial court conducted the rescheduled hearing during which it considered both the suppression issue and Appellant's Rule 600 motion. With respect to the suppression issue, the Commonwealth presented testimony from Sergeant Michael Kalinchock of the PSP regarding the extensive training and certification for drug detection canines, including Zigi. The court also incorporated the transcript of the testimony presented at Appellant's March 2017 suppression hearing.

By memorandum order entered June 16, 2021, the court denied suppression, finding that the troopers had probable cause to search Appellant's vehicle following Zigi's alert. The court also denied Appellant's Rule 600 motion. Memorandum Order, 6/16/21.

---

[2] The hearing was rescheduled twice and was ultimately conducted on April 2, 2021.

Appellant timely filed the instant appeal, as authorized by the previous panel. *See Brown, supra* at 29 ("If . . . the court determines the evidence is not to be suppressed, the judgment of sentence remains and Appellant may file a timely appeal from that determination, if he so desires.").

The trial court did not order the filing of a Rule 1925(b) concise statement but did issue an order in lieu of a Rule 1925(a) opinion on August 11, 2021, referring this Court to the trial court's June 16, 2021 memorandum order.

Appellant asks us to consider two issues in this appeal.

1. Whether the trial court erred in denying Appellant's Motion to Suppress Evidence where the search of Appellant'[s] vehicle occurred without a warrant or without consent in violation of Article I, Section 8 of the Pennsylvania Constitution and the Fourth Amendment to the United States Constitution in light of *Commonwealth v. Alexander*[?]

2. Whether the trial court erred in denying Appellant's Motion to Dismiss where a suppression hearing on Appellant's case was not heard until 718 days after remand from the Superior Court in violation of Article I, Section 9 of the Pennsylvania Constitution and the Sixth Amendment to the United States Constitution[?]

Appellant's Brief at 5.

In his first issue, Appellant challenges the trial court's denial of his motion to suppress. In *Commonwealth v. Heidelberg*, 267 A.3d 492 (Pa. Super. 2021) (*en banc*), this Court reiterated:

Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. When reviewing the ruling of a

suppression court, we must consider only the evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of the record. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Id.* at 498-99 (quoting *Commonwealth v. Bumbarger*, 231 A.3d 10, 15 (Pa. Super. 2020) (citation and ellipses omitted)).

Appellant's suppression argument centers on our Supreme Court's December 2020 decision in *Commonwealth v. Alexander*, 243 A.3d 177 (Pa. 2020).[3] In *Alexander*, the Supreme Court held that warrantless vehicle searches require both probable cause and exigent circumstances under Article I, Section 8 of the Pennsylvania Constitution, overruling *Commonwealth v. Gary*, 91 A.3d 102 (Pa. 2014), which had adopted the federal "automobile exception" and authorized warrantless vehicle searches based solely on probable cause, with no exigency beyond the inherent mobility of a vehicle.

Appellant argues he is entitled to the benefit of *Alexander*, claiming that his April 2021 suppression hearing "collecting evidence of the reliability of K9 Zigi is thereby rendered moot." Appellant's Brief at 10. We cannot agree.

In *Heidelberg*, the *en banc* panel of this Court observed:

[W]e have held that appellants are **not automatically** entitled to retroactive application of the *Alexander* decision (which was decided during the pendency of this appeal). *See*

---

[3] Appellant does not challenge the suppression order beyond his challenge based on *Alexander*.

***Commonwealth v. Grooms***, 247 A.3d 31, 37 n. 8 (Pa. Super. 2021). We explained:

> The decision in ***Alexander, supra***, overruling ***Gary***, announced a new criminal rule. When a United States Supreme Court decision "results in a 'new rule,' that rule applies to all criminal cases still pending on direct review." ***Schriro v. Summerlin***, 542 U.S. 348, 351, [124 S.Ct. 2519, 159 L.Ed.2d 442] (2004) (citing ***Griffith v. Kentucky***, 479 U.S. 314, 328, [107 S.Ct. 708, 93 L.Ed.2d 649] (1987)). "Case law is clear, however, that in order for a new rule of law to apply retroactively to a case pending on direct appeal, **the issue had to be preserved** at 'all stages of adjudication up to and including the direct appeal.'" ***Commonwealth v. Tilley***, [566 Pa. 312], 780 A.2d 649, 652 (2001) ([emphasis added;] citation omitted); ***see also Commonwealth v. Newman***, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*) ("To be entitled to retroactive application of a new constitutional rule, a defendant must have raised and preserved the issue in the court below."). Appellant here did not challenge the ***Gary*** automobile exception. Thus, to the extent relevant to the disposition of this appeal, and consistent with ***Tilley*** and ***Newman***, appellant cannot rely on ***Alexander*** to challenge the warrantless search of his vehicle.

***Grooms***, 247 A.3d at 37 n.8 (citations modified). Further:

> Because appellant did not contest the application of the automobile exception announced in ***Gary***, which now has been overruled by ***Alexander***, he logically had no occasion to address whether exigent circumstances existed to justify the officers' judgment that obtaining a warrant was not reasonably practicable. Thus, because appellant did not raise the issue of exigency before the trial court or in his Rule 1925(b) statement, the issue is waived. ***See Commonwealth v. Hill***, [609 Pa. 410], 16 A.3d 484, 492 (2011) (citing ***Commonwealth v. Lord***, [553 Pa. 415], 719 A.2d 306, 309 (1998)); Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); ***see also*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

- 7 -

*Grooms*, 247 A.2d at 37 n.9 (citations modified).

*Id.*, 267 A.3d at 502-03 (emphasis in original).

Importantly, *Alexander* was decided on December 22, 2020, more than three months before Appellant's suppression hearing. Nevertheless, during his April 2, 2021 hearing, Appellant did not argue, or even suggest, that he was entitled to the benefits of *Alexander*. As was the case in *Heidelberg* and *Grooms*, Appellant did not contest the application of the automobile exception announced in *Gary*, nor did he raise the issue of exigency. Rather, he reiterated that the trial court was to "conduct a new suppression hearing limited to the issue of whether the troopers had probable cause to conduct the search following [Zigi's] alert," and indicated that he was "ultimately arguing that the troopers did not have probable cause." Notes of Testimony, 4/2/21, at 5.[4]

Appellant did not raise *Alexander* or any argument relating to *Gary* or exigent circumstances at the suppression hearing. Instead, he argued only that the troopers did not have probable cause to search Appellant's vehicle.

_____

[4] In the brief filed after the April 2, 2021 hearing, Appellant did mention *Alexander* for the first time, under the heading, "The indication by [Zigi] does not establish probable cause to search the vehicle." *See* Brief in Support of Dismissal of Charges Based on Violation of Rule 600 and Defendant's Constitutional Rights, 4/26/21, at 1-2. In that brief, Appellant also cited *Commonwealth v. Scott*, 210 A.3d 359 (Pa. 2019) and *Commonwealth v. Barr*, 240 A.3d 1263 (Pa. Super. 2020), both of which involve searches based on the odor of marijuana, which was not a factor in the instant case.

Therefore, we find he did not preserve the issue. Again, as this Court reiterated in **Heidelberg**, "[c]ase law is clear, however, that in order for a new rule of law to apply retroactively to a case pending on direct appeal, **the issue had to be preserved** at 'all stages of adjudication up to and including the direct appeal.'" **Heidelberg**, 267 A.3d at 503 (quoting **Tilley**, 780 A.2d at 652) (emphasis in original). Because Appellant failed to preserve the issue at his suppression hearing, the issue is waived.

In his second issue, Appellant argues the trial court erred in denying his Rule 600 motion because his suppression hearing did not take place "until 718 days after remand[.]" Appellant's Brief at 5. Appellant suggests that our standard of review of this question is the standard employed for speedy trial evaluations, *i.e.*, abuse of discretion. **Id.** at 4 (citing **Commonwealth v. Hunt**, 858 A.2d 1234, 1238 (Pa. Super. 2004)). "The proper scope of review . . . is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court. An appellate court must view the facts in the light most favorable to the prevailing party." **Id.** (citing **Hunt**, 858 A.2d at 1238-39).

In accordance with Rule 600(A)(2)(e), "[w]hen an appellate court has remanded a case to the trial court, the **new trial** shall commence within 365 days from the date of the written notice from the appellate court to the parties that the record was remanded." Pa.R.Crim.P. 600(A)(2)(e) (emphasis added). As noted above, the prior panel of this Court did not vacate

Appellant's judgment of sentence or remand for a **new trial**. Had the panel ordered a new trial, Rule 600 would be relevant. However, here the panel remanded for "a **new suppression hearing** limited to the issue of whether the troopers had probable cause to conduct the search following [the dog's] alert." ***Brown, supra***, No. 1676 MDA 2017 at 28-29 (emphasis added). If the suppression court had determined that the challenged evidence should be suppressed, the court would have ordered a new trial. ***Id.*** In that instance, Rule 600(A)(2)(d) would have come into play (absent an appeal), with Rule 600's time constraints measured from the date the trial court's order was filed. As required by Rule 600(A)(2)(d), "[w]hen a trial court has granted a new trial and no appeal has been perfected, the new trial shall commence within 365 days from the date on which the trial court's order is filed." Pa.R.Crim.P. 600(A)(2)(d).

Here, a suppression hearing was ultimately conducted following remand from this Court, and, by memorandum order entered June 16, 2021, Appellant's suppression motion was denied. Trial Court Memorandum Order, 6/16/21, at 9. In accordance with the instructions from this Court, denial of the suppression motion was to result in Appellant's judgment of sentence remaining intact, with Appellant having the option of appealing that determination. However, prior to the suppression hearing, Appellant filed a Rule 600 motion, claiming the delay in conducting the hearing equated to a delay in bringing him to trial. The fact remains that Appellant was previously

timely brought to trial in 2017, and a judgment of sentence was entered against him.

We conclude that Rule 600(A)(2)(e) does not apply under the circumstances of this case. Appellant would have us interpret this provision to mean a remand for any proceedings—in this case, a suppression hearing. Appellant inserts too much breadth into his reading of this rule. The rule clearly only contemplates Rule 600 compliance upon remand where an appellate court has determined a defendant is entitled to a new trial. This interpretation is borne out by the comments to Rule 600. Pertinent to Rule 600(A)(2)(e), under the heading, "*Commencement of Trial, Time for Trial,* the Comment provides clarification and dispels Appellant's interpretation by stating:

> When an appellate court has remanded a case to the trial court for a **new trial**, for purposes of computing the time for trial under paragraph (A)(2)(e) . . ., the date of the remand is the date of the prothonotary's notice to the parties that the record was remanded.

Pa.R.Crim.P. 600, cmt. (emphasis added). The Comment is unambiguous in its explanation of Rule 600(A)(2)(e), that it only is when a new trial is ordered that paragraph (A)(2)(e) applies. Resort to rule comments may be used as aids in interpretation. In **Commonwealth v. Harth**, 252 A.3d 600 (Pa. 2021), our Supreme Court recently reiterated that "we may consult the explanatory comment of the committee which worked on the rule in

- 11 -

determining the proper construction and application thereof." ***Id.*** at 617 (citing ***Commonwealth v. Lockridge***, 810 A.2d 1191, 1195 (Pa. 2002)).

Moreover, under applicable rules of construction, we are obligated to interpret our rules in a manner that does not produce absurd results. ***See Commonwealth v. McClelland***, 233 A.3d 717, 733 (Pa. 2020) ("We begin by observing that we apply the Statutory Construction Act, 1 Pa.C.S.[A.] §§ 1501-1991, when interpreting the Rules of Criminal Procedure."); 1 Pa.C.S.A. § 1922(1) ("the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable"). Here, under Appellant's interpretation, Appellant would be entitled to Rule 600 relief for failure to be brought to trial in an instance where the trial court determined Appellant is not entitled to a new trial. In accordance with our remand instructions, the trial court's denial of suppression upon remand required that Appellant's prior judgment of sentence remain unaffected. Appellant's rationale would render that instruction meaningless and grant relief where it is determined the Appellant is not entitled to a new trial.

As the trial court correctly observed, "[T]he matter in this case was not vacated and remanded for a new trial. Instead, it was remanded for a suppression hearing." Trial Court Opinion, 6/16/21, at 3. The heart of Appellant's rationale that the *possibility* of a new trial triggers Rule 600 is nowhere to be found in the dictates of that rule.

Again, if the trial court granted relief for a new trial, Rule 600(A)(2)(d) would be the rule to be applied under those circumstances, assuming no further appeal was taken from the trial court's order. Appellant's attempt to obtain relief under Rule 600(A)(2)(e) must fail where his case was remanded for a suppression hearing, not a new trial, and where Rule 600(A)(2)(d) expressly addresses the time constraints within which trial must be commenced when a trial court grants a new trial. Appellant is not entitled to relief under Rule 600.

Judgment of sentence affirmed.

President Judge Panella joins the opinion.

Judge Dubow files a concurring opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/10/2022